# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CHARMANE SMITH, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| DELL COMPUTER CORPORATION, | § | SA-11-CV-0226 OG |
| | § | |
| Defendant. | § | |

## SHOW CAUSE ORDER

This order addresses plaintiff Charmane Smith's motion for appointment of counsel and motion to proceed in forma pauperis (IFP).  In determining whether to appoint counsel and whether to direct service on a defendant, the court must consider the merits of the plaintiff's claims.[1]  Smith's proposed complaint names Dell Computer Corporation as defendant.  The proposed complaint identifies several causes of action, but contains no factual allegations.

Rule 8 requires a complaint to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."  A complaint need not include detailed factual allegations, but a plaintiff must identify the grounds of her purported

---

[1] *See Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir. 1991) ("A district court may dismiss an in forma pauperis proceeding as frivolous under 28 U.S.C. § 1915(d) whenever it appears that the claim's realistic chance of ultimate success is slight or the claim has no arguable basis in law or fact.").

entitlement to relief; a plaintiff's obligation requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[2]  A complaint must contain sufficient factual allegations to "state a claim to relief that is plausible on its face."[3]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[4]  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'"[5]

Smith's proposed complaint does not meet these pleadings standards.  Smith complained generally about her Dell computer, asserting that she was the victim of computer hackers.  Smith complained about computer hackers, but she did not allege any acts or omissions by Dell Computer Corporation that caused her purported injury and damages.  Smith identified no legal basis for liability.  The proposed complaint contains nothing from which the court can draw a reasonable inference that Dell Computer Corporation is liable for wrongdoing.  Smith failed to state a claim upon

---

[2]*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[3]*Twombly*, 550 U.S. at 570.

[4]*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

[5]*Iqbal*, 129 S. Ct. at 1950 (citing Fed. R. Civ. P. 8).

which relief may be granted.

In considering Smith's proposed complaint, I am mindful that Smith has been sanctioned for filing frivolous lawsuits. On September 25, 2000, the District Court for the District of Columbia enjoined Smith from filing an IFP action unless Smith faces imminent danger of serious physical danger.[6] On May 31, 2001, the District Court for the Northern District of Texas enjoined Smith from filing cases in that district without judicial permission.[7] Because Smith persisted in filing cases in the Northern District of Texas, the district court imposed a monetary sanction and barred Smith from filing any another lawsuit until she paid the monetary sanction.[8] On January 24, 2007, the District Court for the Western District of Tennessee enjoined Smith from commencing any action in that district without paying the filing fee and warned Smith about filing meritless actions.[9] The district court imposed additional filing restrictions on May 20,

---

[6]*See* Cause 00-CV-2302, *Smith v. United States*, Memorandum & Dismissal Order (Sept. 27, 2000 D.D.C.).

[7]*See* Cause No. 4:01-CV-450, *Smith v. United States*, Order of Dismissal & Order Imposing Sanction (May 30, 2001 N.D. Tex.).

[8]Cause No. 04-CV:242, *Smith v. Shadduck*, Order Denying Motion for Leave, Imposing Additional Sanctions & Order of dismissal (Apr. 16, 2004 N.D. Tex.).

[9]Cause No. 06-24-96-B/V, *Smith v. Dell, Inc.*, Order Granting Leave to Proceed IFP, Order of Dismissal, Order Certifying Appeal Not Taken in Good Faith, Notice of Appellate Filing Fee & Order Imposing Restrictions on Filing Privileges (Jan. 24, 2007 W.D. Tn.). Like in this case, Smith sought to sue Dell in Cause No. 06-24-96-B/V over her mother's purchase of a Dell computer, complaining that Dell employees

2010.  Observing that Smith tried to circumvent previously imposed restrictions by

filing cases in state court, the court expanded the pre-filing injunction to include "any

action that is filed in another court and transferred or removed to" the Western District

of Tennessee.[10]  The court ordered that "[i]f Smith files a new lawsuit, or if a lawsuit

filed by Smith is transferred or removed to [the Western District of Tennessee], she must

pay all outstanding sanctions in full before the merits of any claim, or request for relief,

will be addressed."[11]  Because Smith continued to file frivolous claims, the Western

District of Tennessee recently reaffirmed the prior filing sanctions.[12]  The court warned

---

discriminated against her because she is female and Black.

[10]Cause No. 09-2772-BBD, *Smith v. Federal Judges & Court Clerks, Memphis, Tn.*, Order Correcting the Docket, Order Granting in part & Denying in part Defendants' Motion to Dismiss, Order Certifying Appeal Not Taken in Good Faith, Order Denying Leave to Proceed IFP on Appeal, Order Modifying Restrictions Imposed in Case 06-2496 & Order Imposing Additional Restrictions on Plaintiff Smith's filing Privileges (May 20, 2010 W.D. Tn.).

[11]*Id*.

[12]*See* Cause No. 09-2770-tmp, *Smith v. Breen*, Order Correcting the Docket, Order Denying as Moot Plaintiff's Motion for Recusal, Order Granting Motion to Amend, Order Denying as Moot State Farm's Motion for a More Definite Statement, Order Granting Plaintiff's Motion for an Extension of Time, Order Granting the Motion to Dismiss Filed by the TDOS, Order Granting the Motion to Dismiss filed by the Federal Defendants, Order Dismissing Claims against Non-Moving Defendants, Order of Dismissal, Order Certifying Appeal Not Taken in Good Faith, Order Denying Leave to Proceed IFP on Appeal, & Order Reaffirming Sanctions Imposed in Case No. 09-2770 (June 21, 2001 W.D. Tn.); Cause No. 09-2771-BBD, *Smith v. Breen*, Order of Dismissal, Order Denying Motion to Dismiss as Moot, Order Certifying Appeal Not Taken in Good Faith, Order Assessing Appellate Filing Fee & Order Reaffirming Restrictions on

Smith that if she persists in filing meritless actions despite the imposition of expanded

restrictions, Smith's filing privileges may be further restricted.

Smith did not heed the warning.  In March 2011, Smith filed 11 cases (to include

this case) in various districts around the country.[13]  Venue may be proper, but Smith's

past litigation history suggests she seeks to circumvent previously imposed sanctions.

Like the proposed complaint in this case, the proposed complaints in the other March-

filed cases assert causes of action without factual support.

Filing Privileges).

[13]*See* Cause No. 11-CV-64, *Smith v. Maytag Corporation*, motion to proceed IFP to sue
Maytag for design defects in refrigerator that permits computer hackers to access the
defrost time and digital controls (E.D. Tn. Mar. 14, 2011); Cause No. 11-CV- 104, *Smith v.
Microsoft Corporation*, motion to proceed IFP to sue Microsoft for design flaws that
permit online computer hackers to gain control of computer and telephone (E.D. Wa.
Mar. 17, 2011); Cause No. 11-CV-898, *Smith v. Sun Trust Bank*, motion to proceed IFP to
sue Sun Trust Bank for deficient account security and design defects in bank website
and automated phone service (N.D. Ga. Mar. 21, 2011); Cause No. 11-CV-1929, *Smith v.
Sears, Roebuck & Co.*, motion to proceed IFP to sue Sears for security flaw in automated
voice recording system and interference with credit card) (N.D. Ga. Mar. 21, 2011);
Cause No. 11-CV-251, *Smith v. MasterCard International*, motion to proceed IFP to sue
MasterCard International for design flaws that allow debit card and credit card theft
(Mar. 22, 2011 W.D.N.Y.); Cause No. 11-CV-109, *Smith v. Lexmark International, Inc.*,
motion to proceed IFP to sue Lexmark International for design defects in Lexmark
printers that permit computer hackers to hijack printer functions) (E.D. Ky. Mar. 24,
2011); Cause No. 11-CV-1481, *Smith v. ADAPTEC*, motion to proceed IFP to sue
ADAPTEC for flaws in software products and actions of computer hackers (N.D. Ca.
Mar. 25, 2011); Cause No. 11-CV-1479, *Smith v. Phoenix Technologies, Ltd.*, motion to
proceed IFP to sue Phoenix Technologies for security flaws in hardware and software
and actions of computer hackers (N.D. Ca. Mar. 25, 2011); Cause No. 11-CV-1480, *Smith
v. Adobe Systems, Inc.*, motion to proceed IFP to sue Adobe Systems for security flaws in
products allowing computer hackers to hijack computer (N.D. Ca. Mar. 25, 2011).

Based on the foregoing, I direct Smith to show cause why this case should not be dismissed as frivolous and for failing to state a claim upon which relief may be granted. Smith may respond to this order by presenting a proposed amended complaint identifying the grounds for her alleged entitlement to relief and sufficient factual allegations to state a claim to relief that is plausible on its face.  Smith must plead enough factual content to allow the court to draw the reasonable inference that Dell Computer Corporation is liable for any alleged misconduct.  Smith must respond to this order in writing, or present a proposed amended complaint to the clerk of the court, by April 18, 2011.  If Smith fails to respond to this order or present a proposed amended complaint by April 18, 2011, I will deny the pending motions and recommend to the district judge that this case be dismissed for failure to state a claim upon which relief can be granted,[14] and for failure to comply with a court order and for failure to prosecute.[15]

**SIGNED** on April 5, 2011.

*Nancy Stein Nowak*

NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[14]*See* Fed. R. Civ. P. 12(b)(6).

[15]*See* Fed. R. Civ. P. 41(b) (permitting the defendant to move for dismissal on grounds the plaintiff failed to prosecute his case); *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 247 (5th Cir.  1980) (explaining that "a federal district court possesses the inherent authority to dismiss an action for want of prosecution").