UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CHARMANE SMITH, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| DELL COMPUTER CORPORATION, | § | SA-11-CV-0226 OG |
| | § | |
| Defendant. | § | |

**ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS**

The matter before the Court is plaintiff's application to proceed in district court without prepaying fees or costs (docket entry 1).

Plaintiff states in her application that she receives SSI of $674.00 a month and food stamps of $156.00. She lists monthly expenses for rent ($340.00), and credit card and mail order accounts payments and internet expenses (which total approximately $100.00).

Whether to permit or deny an application to proceed in forma pauperis is within the sound discretion of the Court.[1] An individual need not "be absolutely destitute to enjoy the benefit of the [IFP] statute."[2] Rather, the granting of leave to proceed in forma pauperis is warranted if the affiant demonstrates that "because of his poverty [he cannot] pay or give security

---

[1] See Prows v. Kastner, 842 F.2d 138, 140 (5th Cir.1988), cert. denied, 488 U.S. 941 (1988).

[2] Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331 (1948).

1

for the costs ... and still be able to provide [himself] and dependents with the necessities of life."[3] In forma pauperis status is a matter of privilege, not of right.[4]

Plaintiff's application reflects that her income exceeds her necessary expenses. She has no dependents. She submitted a complaint to this court alleging that computers she purchased from defendant were delivered with virus links installed in the registry. She admits that "a lawsuit was filed regarding the problem with the computers but was unlawfully, conspiratorially, and prejudicially dismissed by the U.S. District Court of Western Tennessee (at Memphis)."[4]

Without deciding whether plaintiff has stated a claim upon which relief may be granted or whether her claim(s) are subject to dismissal because they have previously been litigated in another court, after examining plaintiff's statements concerning expenses and income and in the light of the applicable law, I find this plaintiff has the resources to pay the filing fee to initiate this action without compromising her ability to pay for the "necessities of life."

It is therefore **ORDERED** that:

1. Plaintiff's application for leave to proceed in forma pauperis is **DENIED**.

2. On or before 30 days from date of this Order, plaintiff shall pay the required filing fee in this cause.

3. In the event plaintiff wishes to appeal from my denial of the application for leave to proceed in forma pauperis, she must file his appeal to the District Court from this Order within 10 days of the date of this Order.

---

[3] Id.

[4] Williams v. McKenzie, 834 F.2d 152, 154 (8th Cir.1987).

[4] Docket entry 4, para. 3(h).

4. Plaintiff is advised that in the event that she fails to either pay the filing fee or file an appeal from this Order within the time frames set forth above, the District Court will issue an Order dismissing this cause without prejudice.

**SIGNED** on April 22, 2011.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE